**NATHAN SHAYNE, d.b.a. SHAYNE DRUG COMPANY, v. ROBERT L. BURKE.**

27 So. (2nd) 751
October 22, 1946
Rehearing denied November 19, 1946

June Term, 1946
Division A

*Lewis H. Fogle, Jr.,* and *William Kirtley,* for appellant.
*Thomas H. Anderson,* for appellee.

TERRELL, J.:

In July, 1942, appellant brought a law action against appellee on an alleged open account. In October, 1942, appellee was inducted into the United States Army, where he remained until November, 1945, when he was discharged. While in the armed services he moved to stay proceedings in the law action, relying on Section 50 U. S. Code Annotated, ATT. 510, better known as the Soldiers and Sailors Civil Relief Act. In February, 1943, while appellee was in Miami, on furlough, to attend the birth of his child, the case was set for trial on the application of appellant, resulting in a verdict and judgment for the plaintiff (appellant). The defendant was not present at the trial and was unable to offer testimony in his defense.

In September, 1945, appellee filed his bill of complaint in this cause, wherein he denied the indebtedness or any part of it on which the judgment was secured against him. He furuther alleged that no facts existed on which the said judgment could have been predicated, and that if he had been permitted to do so he could have shown by evidence that no cause of action existed against him in favor of appellant. Answer was filed, testimony was taken, and on final hearing the Chancellor found the judgment to be void and enjoined appellant from enforcing it. This appeal is from the final decree.

Several questions are urged for our adjudication, but they all turn on that of whether or not appellee was entitled to avail himself of the provisions of the Soldiers and Sailors Civil Relief Act when the judgment was secured.

The purpose of this Act was to "free persons in military service of the United States from harassment and injury in

connection with their civilian affairs during their terms of service." Section 510 of the Act provides in terms that "provision is hereby made to suspend enforcement of civil liabilities in certain cases, of persons in the military service of the United States in order to enable such persons to devote their entire energy to the defense of the nation."

To "suspend enforcement of civil liabilities in certain cases" certainly contemplates a very liberal spirit of indulgence toward those in the military service with reference to the enforcement of civil liabilities. The purpose back of the Act was to make sure that soldiers or sailors be not distracted about personal obligations or compelled to divide their allegiance while in the country's defense and to promote military efficiency by removing mental frustration that may arise from the fact that some claim or cause of action is being pressed against him at home. The Act should be liberally construed to effectuate this purpose. Boone v. Lightner, 319 U.S. 561, 87 L. Ed. 1587; Patricks v. J. C. H. Service Stations, 41 N.Y.S. (2nd) 158; Bowsman v. Peterson, 45 F. Supp. 741.

The salient facts are that appellee was twenty-one years of age at the time the action was brought against him and the judgment was secured, for which he denies that there was any basis. He was at home (Miami) on furlough, to be present at his wife's accouchment. His furlough expired February 12, but the child was not born until March 1st. He left by plane for his post on the latter date, so he was at home AWOL between these two dates, at which time the judgment was secured against him.

The furlough was for fifteen days, but was continued from February 12, to March 1, because of the AWOL period he remained over on account of his wife's condition. It would be out of all reason to contend that the prosecution of the action against him was not suspended during the furlough period; he had no way of knowing whether the AWOL period would be one day or sixteen days, as it turned out to be, and he left as soon as possible after the birth of his child and he was advised that his wife's condition was good. The fact that he was on furlough or AWOL and that he was constantly expecting his first born was ample to invoke the protection of the

Soldiers and Sailors Civil Relief Act. It was clear error to refuse the stay of the common law action.

In the common law action the question before the Court was whether or not appellee borrowed the money and purchased the goods which appellant claimed to have sold him and on which the action and judgment were predicated. Appellee had a right to defend against that judgment and the Chancellor found that no such right was accorded him. The Soldiers and Sailors Civil Relief Act not only recognized his right to defend, but to defend with verve, which a man having barely reached his majority could hardly be expected to do, his furlough having expired, an AWOL charge in the offing, and the birth of his first-born impending.

We find no reason to reverse the Chancellor, so his judgment is affirmed.

Affirmed.

CHAPMAN, C. J., BUFORD and ADAMS, JJ., concur.