FRANK RADICH, complainant-appellant,

*v.*

MORRIS BLOOMBERG et al., defendants-respondents.

[Submitted February term, 1947. Decided June 27th, 1947.]

*Mr. Milton T. Lasher,* for the complainant-appellant.

*Mr. Isadore Glauberman,* for the defendants-respondents.

The opinion of the court was delivered by

McLean, J.

This appeal brings before the court for review, orders of the Court of Chancery under the Soldiers' and Sailors' Civil Relief Act of 1940, *Title 50, U. S. C. App.,* § *501,* &c.

Respondent Nathan Bloomberg was the owner of an undivided one-third part of premises in the Borough of Cliffside, Bergen County. Appellant, Frank Radich, filed his bill to foreclose a mortgage on the premises. During the time the foreclosure suit was in progress, respondent was in the military forces of the United States. A final decree was entered November 28th, 1943. The premises were sold to appellant and the sale was duly confirmed. Respondent was discharged from military service October 30th, 1945, and on January 30th, 1946, filed a petition with the Court of Chancery to have the foreclosure proceedings reopened to the end that he might be permitted to answer the bill of complaint setting up his defenses.

Appellant moved to dismiss the petition on the ground that it was not filed within 90 days of the respondent's separation from military service; that it did not show that by reason of his military service respondent was prejudiced in making his defense; or that he had a meritorious and legal defense to the action or some part thereof, as required by section 520 of the act. The court below denied the motion and held that under sections 525 and 532 of Title 50, respondent was entitled to make application to open the decree during the period of his military service or three months thereafter, and an order was entered opening the interlocutory decree and the final decree as to respondent alone and granting him 20 days in which to answer the bill of complaint. This appeal is from the order denying the motion to dismiss the petition and the

orders opening the interlocutory and final decrees. We conclude that respondent's petition should have been dismissed.

The Soldiers' and Sailors' Civil Relief Act, *supra*, was intended to give members of the armed forces a degree of mental repose, protect their rights and remedies and free them from hardships that might be imposed solely because of the performance of their duties. It is to be administered as an instrument to accomplish substantial justice, which requires an equitable consideration of the rights of both parties to the end that their respective interests may be properly conserved. It is not to be used as an instrument to obtain indefinite delay. *Franklin Society for Home Building and Savings* v. *Flavim, 40 N. Y. S. (2d) 582; 265 App. Div. 720;* affirmed, *291 N. Y. 530; certiorari* denied, *320 U. S. 786; New York Life Insurance Co.* v. *Litke, 45 N. Y. S. (2d) 576; Meyers* v. *Schmidt, 46 N. Y. S. (2d) 420; The Sylph, 42 Fed. Supp. 354.*

The application of provisions of the act authorizing relief against immediate imposition of burdens of an obligation incurred prior to commencement of military service, is not authorized by merely showing that applicant is or had been in the military service, but there must be proof and the court must be of the opinion that serviceman's ability to comply with terms of his obligation has been materially affected by military service. *New York Life Insurance Co.* v. *Litke, supra.*

Under the comparable act of 1918, it was held while the courts will protect the men engaged in the service of the nation from loss in legal proceedings brought about by absence in service, the papers should show that the threatened injury is due to their service and consequent inability to protect their interest, and this is the plain direction of the Act of Congress, *Eietz* v. *Trempel, 170 N. Y. S. 108.*

Respondent relies particularly on section 532, *supra*, which provides that "no sale or foreclosure shall be valid * * * unless upon order previously granted by the court and a return thereto made and approved by the court." Foreclosure proceedings have been considered a sufficient compliance with this proviso. Cases above cited and *Ninth Federal Loan*

*Association of New York City* v. *Radding, 48 N. Y. S. (2d)
762.* This suit was brought in the New York state courts to
foreclose a mortgage against property owned by Jason D.
Radding. Radding at the time the foreclosure was begun, was
serving in the military forces. He moved for a stay on the
ground of his military service. The motion was denied be-
cause of his failure to show that he had a defense.

Radding then brought a suit in the United States District
Court for the Southern District of New York against the
plaintiff in the above suit to obtain a stay of further proceed-
ings in the state court and for an order or judgment setting
aside the state court's foreclosure sale if it had taken place.
The motion was denied and the complaint dismissed. It was
held that the New York state court's foreclosure decree, not-
withstanding mortgagee's application for relief under the
Soldiers' and Sailors' Relief Act, section 532, *supra,* was *res
adjudicata* in the federal court of the mortgagee's right under
the act. *Radding* v. *Ninth Federal Savings and Loan Asso-
ciation, 55 Fed. Supp. 361.*

Respondent had notice of the foreclosure suit and his in-
terests were adequately protected. Subpœna was issued and
returned *non est* followed by substituted service by the pub-
lication and mailing of the required notice. Solicitor was
appointed to protect his interests and appears to have been
faithful in his service. Respondent was in direct contact with
him by mail, but took no interest in the proceedings. The
foreclosure proceedings were concluded on November 20th,
1943. Respondent was discharged from military service on
October 30th, 1945. At any time during his service or within
ninety days of his discharge, he could have applied to have
the foreclosure decree reopened. It was not until the last
day of the three months' limitation under section 532, *supra,*
more than two years after he had notice of the suit, that his
petition was filed, or that he took any steps to avail himself
of the remedies provided.

Respondent does not make it appear that by reason of his
military service he was prejudiced in making his defense or
that he has a legal and meritorious defense to the suit or any
part thereof, nor does it appear that he was diligent in pursuit
of his remedy.

The orders below will be reversed, and the cause remanded to the Court of Chancery, with instructions to dismiss the petition.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, BODINE, DONGES, HEHER, COLIE, WACHENFELD, EASTWOOD, WELLS, DILL, FREUND, McGEEHAN, McLEAN, JJ. 12.