## LORI A. DRIVER *v.* RONALD G. DRIVER

SUPERIOR COURT  JUDICIAL DISTRICT OF  FILE No. 180084
      FAIRFIELD AT BRIDGEPORT

Memorandum filed February 28, 1980

*Barry A. Charles,* for the plaintiff.

*Carl R. Ajello,* attorney general, and *Wilbur W. Dinegar,* assistant attorney general, for the state.

FREEDMAN, J. This marital dissolution action poses a unique question: Is a defendant who has deserted from the armed forces entitled to the protection afforded by 50 U.S.C. app. §§ 500—590, the Soldiers' and Sailors' Relief Act of 1940, and by § 353 of the 1978 Practice Book?

The United States Code requires: "In any action or proceeding commenced in any court, if there shall be a default of any appearance by the defendant, the plaintiff, before entering judgment shall file in the court an affidavit setting forth facts showing that the defendant is not in military service."[1] 50 U.S.C. app. § 520 (1).

---

[1] The act goes on to provide certain protection for the interest of a nonappearing serviceman, including the appointment of counsel by the court.

The federal act is followed in Connecticut by § 353 of the 1978 Practice Book which requires, inter alia, an affidavit regarding military service "in every case in which there is a nonappearing defendant . . . ."

The purpose of the federal act is clearly spelled out in § 510 thereof. That purpose is "to provide for, strengthen, and expedite the national defense . . . ." To accomplish this end "provision is made to suspend enforcement of civil liabilities, in certain cases, of persons in the military service of the United States in order to enable such persons to devote their entire energy to the defense needs of the Nation . . . ."

The term "persons in the military service" as used in the act is defined in § 511 thereof to include all members of the army, navy, marine corps and coast guard and officers of the public health service detailed for duty with the army or navy. Section 511 also defines "military service" to signify "Federal Service on *active duty*" with any of those branches; and defines "active service" and "active duty" to "include the period during which a person in military service is absent from duty on account of sickness, wounds, leave, or other *lawful cause.*" (Emphasis added.)

Clearly, military service within the meaning of the act requires a serviceman to be on active duty, and that concept includes one absent from duty for lawful cause. It just as clearly, by implication, excludes from its protection one who is absent from duty for other than lawful cause, such as desertion.

In *Mantz* v. *Mantz,* 69 N.E.2d 637, 639 (Ohio C.P.), a wife seeking a divorce was unable to personally serve her serviceman husband who had been lawfully confined out of state after a general court martial for the commission of illegal acts under

army rules and regulations. Finding service by publication sufficient, the court stated (p. 639) : "The benefits of the Soldiers' and Sailors' Relief Act are extended to those who are in active service or duty and do not inure to benefit or protect those who through their voluntary aggressions and conduct remove themselves from the role of soldiers and sailors in active service or duty . . . . [T]he government certainly does not regard him as a soldier on active duty or service, and this Court takes the same attitude."

In *Shayne* v. *Burke*, 158 Fla. 61, the court extended the act's protection to a soldier on furlough who lengthened his stay by sixteen days without permission in order to attend the birth of his child. Balancing the obvious equities, the court found that the defendant did not appear to have unreasonably achieved "outlaw" status. But that is not the case here, since the defendant has fled the service and has been dropped from its rolls. The purpose of the act and of the Practice Book rule is to provide a shield for those in military service to allow them to assert bona fide rights in the exercise of good faith. See *The Sylph*, 42 F. Sup. 354 (E.D. N.Y.). To give the defendant that benefit in this case would turn the shield into a sword. That the court cannot do. The act should be used not as an instrument of oppression but to achieve substantial justice. See *Hunt* v. *Jacobson*, 178 Misc. 201 (N.Y.).

The court finds that under the facts of this case the defendant does not qualify as one in military service entitled to the protection of the act and of § 353 of the 1978 Practice Book.

Having heard the evidence, the court finds that it has jurisdiction over the matter[2] and that the mar-

---

[2] Notice of the action was by publication pursuant to statute and the rules of practice.

riage has broken down irretrievably. The marriage is hereby dissolved. Custody of the minor child is granted to the wife. The husband is granted reasonable visitation, subject to such conditions as may be set forth by and at the discretion of the Family Relations Division of the Superior Court.