211 N.J. Super. 445 (1986)
511 A.2d 1264
TAMARA ANN HARRIOTT, PLAINTIFF,
v.
DARRYL HARRIOTT, DEFENDANT.
Superior Court of New Jersey, Chancery Division Passaic County.
Decided April 25, 1986.
*446 Gerald Sean Keegan, for plaintiff.
No one appeared for defendant.
SAUNDERS, J.S.C.
This written opinion supplements an oral opinion rendered from the bench on March 24, 1986.
Plaintiff was married to defendant on June 28, 1981. At the time of the marriage defendant advised plaintiff that he had previously served in the United States Navy and had been honorably discharged. On October 23, 1983 the parties separated. Plaintiff thereafter lost contact with defendant and only learned of his whereabouts when attempts were made to locate him for the purpose of serving a summons and complaint for divorce. Plaintiff learned that defendant was in the "Navy Brig" in Jacksonville, Florida awaiting trial on a charge of unauthorized absence. Defendant was served with the summons and complaint while in the brig on August 1, 1985.
Defendant was scheduled for trial on October 18, 1985 but on October 17, 1985 he commenced another period of unauthorized absence without leave (AWOL) and his present whereabouts is *447 unknown.[1] The plaintiff now seeks a judgment for divorce by default.
This application raises a question not yet decided by any court of this State: May a default judgment be entered against a defendant during the period of time that he is AWOL from the armed forces? Put another way: Is a defendant who is AWOL from the armed forces entitled to the protection afforded by the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C.A. Appendix, § 501 et seq. or the New Jersey Soldiers' and Sailors' Civil Relief Act of 1979, N.J.S.A. 38:23C-1 et seq.?
Title 50 U.S.C.A. App. § 520(1) of the United States Code provides: "In any action or proceeding commenced in any court, if there shall be a default of any appearance by the defendant, the plaintiff, before entering judgment shall file in the court an Affidavit setting forth facts showing that the defendant is not in military service."
New Jersey adopted its own statute to protect the civil rights of persons serving in the armed forces. It generally follows the federal statute and is known as the "New Jersey Soldiers' and Sailors' Civil Relief Act of 1979."[2]N.J.S.A. 38:23C-4 provides: "In any civil action or proceeding commenced in any court, if there shall be a default of an appearance by the defendant, and[3] plaintiff, within 20 days before the entry of *448 judgment or final order, shall file in the court an Affidavit setting forth facts showing that the defendant is not in military service." See also R. 1:5-7 which requires an affidavit of non-military service of each defendant be filed before entry of judgment by default against that defendant.
The purpose of the federal statute is "to provide for, strengthen and expedite the national defense ... [and] provision is made to suspend enforcement of civil liberties, in certain cases, of persons in the military service of the United States in order to enable such persons to devote their entire energy to the defense needs of the Nation...." 50 U.S.C.A. App. § 510. New Jersey has declared it "to be the public policy of the State to maintain, secure and protect the civil and property rights of persons in the military service ... [a]ll of the provisions of this act shall be liberally construed for the accomplishment of this purpose...." N.J.S.A. 38:23C-1.
The term "person in military service" is defined in § 511 of the federal act and includes members of the Army, Navy, Marine Corps., Coast Guard and officers of the Public Health Service on duty with the Army or the Navy. The federal statute goes on to define "military service" as "Federal service or active duty with any branch of service" and defines "active service" or "active duty" as including the "period during which a person in military service is absent from duty on account of sickness, wounds, leave or other lawful cause." The New Jersey statute defines "military service" as "duty by any person, male or female in the active military service of the State pursuant to an Order of the Governor...." N.J.S.A. 38:23C-2(a).
The case of Driver v. Driver, 36 Conn. Supp. 229, 416 A.2d 705 (Sup.Ct. 1980), considered the same question involving a defendant who had deserted from the armed forces. After analyzing the federal statute, the Connecticut court stated "[c]learly, military service within the meaning of the act requires a serviceman to be on active duty, and that concept *449 includes one absent from duty for lawful cause. It just as clearly, by implication, excludes from its protection one who is absent from duty for other than lawful cause, such as desertion." Id. 416 A.2d at 706.
Mantz v. Mantz, 69 N.E.2d 637 (Ohio Com.Pl. 1946), involved a defendant sentenced under a general court martial for a term of five years. In that case the court found that "[t]he benefits of the Soldiers' and Sailors' Relief Act are extended to those who are in active service or duty and do not inure to benefit or protect those who through their voluntary aggressions and conduct remove themselves from the role of soldiers and sailors in active service or duty." Id. at 639. The court held that defendant was not entitled to the protection of the federal statute.
The Florida case of Shayne v. Burke, 158 Fla. 61, 27 So.2d 751 (1946) gave defendant the protection of the act where defendant was 21-years of age, was granted a furlough to attend to his wife during the delivery of their first child and became AWOL for a period of 16 days while awaiting the birth of the child. As soon as the child was born, defendant returned to his station. A default judgment in a civil suit for money damages was entered against defendant during that 16-day AWOL period following the end of the furlough. The Florida Supreme Court under those circumstances found that it would be "out of all reason" to permit the default judgment to stand and held under those facts that defendant was entitled to the protection of the Soldiers' and Sailors' Civil Relief Act.
This court concludes that where a defendant is AWOL from the armed forces and his whereabouts unknown, he is not on active duty in the military service and is not entitled to the protection afforded by either the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C.A. App. § 501 or the New Jersey Soldiers' and Sailors' Civil Relief Act of 1979, N.J.S.A. 38:23C-1. The filing of an affidavit of non-military service required by R. 1:5-7 is waived. R. 1:1-2.
NOTES
[1] There is no evidence to indicate why plaintiff was released from the brig. It is not clear whether he actually had been released prior to the trial or whether he escaped from the brig.
[2] New Jersey had previously adopted the "New Jersey Soldiers' and Sailors' Civil Relief Act" effective July 25, 1962 which act provided that it shall expire on July 1, 1964. N.J.S.A. 38:23A-1 to -34. The statute apparently was reenacted in substantially the same form as N.J.S.A. 38:23A-35 to -61 effective June 21, 1968 and in its final amendment provided for expiration on July 1, 1974. It apparently was reenacted again in substantially the same form as N.J.S.A. 38:23C-1 to -26 effective January 1, 1980. This latest statute does not contain any termination date.
[3] The word "and" probably should be "the".