761 A.2d 118 (2000)
335 N.J. Super. 124
PNC BANK, N.A., successor to Midlantic Bank, N.A. and Midlantic National Bank, Plaintiff-Respondent/Cross-Appellant,
v.
David KEMENASH, Defendant-Appellant/Cross-Respondent.
Superior Court of New Jersey, Appellate Division.
Argued September 11, 2000.
Decided November 14, 2000.
*119 Todd W. Heck, Vineland, argued the cause for appellant/cross-respondent (Basile & Testa, attorneys; Mr. Heck, on the brief).
John P. Leon, Voorhees, argued the cause for respondent/cross-appellant (Fox, Rothschild, O'Brien & Frankel, attorneys; Mr. Leon, on the brief).
Before Judges HAVEY, CUFF and LEFELT.
The opinion of the court was delivered by CUFF, J.A.D.
In this appeal we must determine whether a default judgment entered against defendant is either void or voidable because plaintiff failed to file an affidavit of non-military service at the time it applied for default judgment. It is undisputed that defendant never served in the military. We hold that the absence of the affidavit renders the judgment voidable and not void, and the judgment should not have been vacated because defendant was not in the military. We also affirm the order granting plaintiff's motion for summary judgment.
On June 9, 1995, Midlantic Bank, the predecessor bank of plaintiff PNC Bank (the Bank), filed a complaint seeking a money judgment on a promissory note executed by defendant David Kemenash (Kemenash). The complaint also sought a judgment for payment of the Bank's share of a restitution order entered in United States District Court as part of the sentence imposed on Kemenash for bank fraud and bribery. On June 15, 1995, Kemenash was personally served with the summons and complaint at the federal corrections facility at Fort Dix. Defendant filed no answer. The court entered a default, and eventually a default judgment in the amount of $3,954,912.71 plus interest against Kemenash.
*120 Sometime after Kemenash's release from prison, the Bank commenced efforts to collect its judgment. On May 10, 1999, Kemenash filed a motion to vacate the default judgment. He asserted that he had no recollection of being served with the summons and complaint in 1995, was unaware of the judgment until "in the Fall of 1998, the Bank suddenly began pursuing [him] on account of this Default Judgment...," had never had an opportunity "to vindicate [his] claims against the Bank," and the Bank had failed to file an affidavit of non-military service when it applied for the default judgment.
On May 28, 1999, the motion judge vacated the default judgment and Kemenash filed an answer and counterclaim on June 8, 1999. The Bank filed a motion for reconsideration of the order vacating the default judgment and a motion for summary judgment. Although the motion for reconsideration was denied, the motion judge granted the Bank's motion for summary judgment. Kemenash appeals from the summary judgment order; the Bank has filed a cross-appeal of the order vacating the default judgment. We address the cross-appeal first.
In granting Kemenash's motion to vacate the default judgment, the motion judge focused solely on the absence of the affidavit of non-military service required by R. 1:5-7. In his oral opinion the judge held that the requirement to demonstrate that the defendant was not in the military was a mandatory, non-waivable precondition to the entry of a default judgment. Therefore, he concluded the judgment was void and vacated the default judgment. We disagree.
R. 1:5-7 provides
[a]n affidavit of non-military service of each defendant, male or female, when required by law, shall be filed before entry of judgment by default against such defendant. Such affidavit may be included as part of the affidavit of proof.
The rule is grounded in federal and state law. The federal Soldiers' and Sailors' Civil Relief Act, 50 U.S.C.App. §§ 501 to 591, provides
In any action or proceeding commenced in any court, if there shall be a default of any appearance by the defendant, the plaintiff, before entering judgment shall file in the court an affidavit setting forth facts showing that the defendant is not in military service.

[50 U.S.C.App. § 520(1).]
The statute was enacted "to provide for, strengthen and expedite the national defense under emergent conditions." 50 U.S.C.App. § 510. The statute further provides the suspension of a litigant's ability to prosecute a civil action against a person in military service is designed to allow military personnel to devote their entire energy to the defense of the nation. Ibid.
This state has a similar statute, N.J.S.A. 38:23C-4, which provides
In any civil action or proceeding commenced in any court, if there shall be a default of an appearance by the defendant, and plaintiff, within 20 days before the entry of judgment or final order, shall file in the court an affidavit setting forth facts showing that the defendant is not in military service.
The stated purpose of the statute is "to maintain, secure and protect the civil and property rights of persons in the military service." N.J.S.A. 38:23C-1. The statute further provides that it shall be liberally construed to accomplish this purpose. Ibid. Rule 1:5-7 implements the federal and state statutes.
Interpretation of any statute requires reference not only to the language of the statute but also the purpose of the enactment:
The judicial goal is to carry out fairly the legislative purpose and plan, and history and contemporaneous construction may well furnish important light as to that purpose and plan.

*121 [New Jersey Pharm. Ass'n v. Furman, 33 N.J. 121, 130, 162 A.2d 839 (1960).]
The federal and state statutes were occasioned by our entry into World War II and were designed initially to respond to the special hardship military duty imposed on those suddenly drafted into military service. Congress extended the federal statute indefinitely in 1948. Both statutes cover not only draftees but also career military personnel. See Conroy v. Aniskoff, 507 U.S. 511, 514-15, 113 S.Ct. 1562, 1565, 123 L.Ed.2d 229, 235-36 (1993); N.J.S.A. 38-23C-2. Both the federal and state statutes are to be liberally construed to achieve their stated purposes. Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir.), cert. denied, 516 U.S. 818, 116 S.Ct. 75, 133 L.Ed.2d 35 (1995); Harriott v. Harriott, 211 N.J.Super. 445, 448, 511 A.2d 1264 (Ch.Div.1986). However, the protections afforded by the federal and state statutes are not universally applied. That is, the protections are for the exclusive benefit of active duty military personnel. Engstrom, supra, 47 F. 3d at 1462; Hynds v. City of Ada, 195 Okla. 465, 158 P.2d 907, 909 (1945). See generally, Mary Kathleen Day, Comment, Marital Effect: Shifting the Burden of Proof for Greater Procedural Relief Under the Soldiers' and Sailors' Civil Relief Act, 27 Tulsa L.J. 45, 50-53, 56 (Fall 1991).
This principle was recognized and applied in Harriott, supra, 211 N.J.Super. at 449, 511 A.2d 1264. In that case, plaintiff sought a judgment of divorce by default. Defendant was served with the summons and complaint while confined to a military jail. He was awaiting trial on charges of unauthorized absence from duty. Apparently, he was released pending trial because he was absent without leave on his military trial date and his whereabouts remained unknown at the time of the divorce trial. Id. at 446-47, 511 A.2d 1264. Judge Saunders concluded that a sailor who is absent without leave is not entitled to the protection afforded by the federal and state statutes. These protections extend only to those on active duty in the service or those absent from duty for a lawful reason such as sickness or injury. Id. at 449, 511 A.2d 1264. Driver v. Driver, 36 Conn.Supp. 229, 416 A.2d 705, 706 (1980); Mantz v. Mantz, 69 N.E.2d 637, 639 (Ohio Com.Pl.1946).
In this case, it is undisputed that Kemenash falls outside the protection afforded by both statutes. He was not in military service at the time plaintiff served the summons and complaint; in fact, he was incarcerated. To be sure, Rule 1:5-7 requires filing of an affidavit of non-military service. This rule, however, confers no independent rights or privileges; it simply implements the statutory protection afforded to active duty military personnel. As such, any judgment entered in the absence of the affidavit of non-military service is not void but voidable and then only by a person within the protection of the statute and the affidavit requirement. See United States v. Hampshire, 892 F.Supp. 1327, 1332 (D.Kan.1995); Sarfaty v. Sarfaty, 534 F.Supp. 701, 704 (E.D.Pa.1982); Davidson v. General Fin. Corp., 295 F.Supp. 878, 881 (N.D.Ga.1968).
Accordingly, we conclude the default judgment should not have been vacated. Due to our disposition of the cross-appeal, we need not address defendant's argument that summary judgment was improperly granted in favor of the Bank. Nevertheless, we are satisfied that the release executed by defendant in 1990 barred the defenses and claims asserted by defendant in this action initiated by the Bank in 1995. Summary judgment was properly entered in favor of the Bank. Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540, 666 A.2d 146 (1995).
Affirmed.