**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2021-19

SELECT PORTFOLIO
SERVICING, INC.,

     Plaintiff-Respondent,

v.

MARY L. LOIGU, and
AMERICAN EXPRESS
CENTURION BANK,

     Defendants,

and

JURI ANTHONY LOIGU,

     Defendant-Appellant.

_____

Submitted January 25, 2021 – Decided March 24, 2021

Before Judges Fasciale and Rothstadt.

On appeal from the Superior Court of New Jersey, Chancery Division, Ocean County, Docket No. F-017590-18.

Juri Anthony Loigu, appellant pro se.

Eckert Seamans Cherin & Mellott, LLC, attorneys for respondent (Anita J. Murray, on the brief).

PER CURIAM

In this residential foreclosure action, defendant Juri Loigu appeals from the Chancery Division's May 10, 2019 order denying his motion to vacate default and from its December 9, 2019 default judgment of foreclosure in favor of plaintiff, Select Portfolio Servicing, Inc. On appeal, defendant argues that the Chancery judge abused his discretion by denying his Rule 4:43-3 motion to vacate default because he established "good cause" and meritorious defenses based on plaintiff's predecessor-in-interest's alleged failure to provide proof of defendant's lack of payment and/or its failure to serve him with notice of intent to foreclose as required by the Fair Foreclosure Act (FFA), N.J.S.A. 2A:50-53 to -68. Defendant further asserts that the Chancery judge erred in entering default judgment by extension of his failure to vacate default. We affirm.

The material facts are generally undisputed and are summarized as follows. On March 26, 2009, Mary Loigu,[1] defendant's wife, signed and delivered a promissory note to Countrywide Bank, FSB (Countrywide) in exchange for a residential loan in the amount of $323,475.00. On that same day,

---

[1] We use Mary's first name throughout this opinion in order to avoid confusion stemming from she and her husband's common last name. Mary is not a party to this appeal.

Mary and defendant secured payment of the note by executing a mortgage in favor of Mortgage Electronic Registration Systems, Inc. (MERS) as nominee for Countrywide, its successors, and assigns, which encumbered property they owned in Point Pleasant Borough. This mortgage was recorded with the Clerk of Ocean County on April 6, 2009.

On February 28, 2012, the mortgage was assigned to Bank of America, NA, successor by merger to BAC Home Loans Servicing, LP (formerly known as Countrywide), and this assignment was recorded with the Clerk of Ocean County on March 2, 2012. Thereafter, on October 15, 2012, the mortgage was assigned to Nationstar Mortgage LLC (Nationstar). On November 1, 2012, this second assignment of the mortgage was recorded with the Clerk of Ocean County.

Mary defaulted on the payment due on the note on April 1, 2018, and failed to make all payments due thereafter. Consequentially, Nationstar sent Mary a notice of intent to foreclose at least 30 days prior to filing a complaint as required by the FFA. N.J.S.A. 2A:50-56.

When Mary failed to respond to the notice, on August 24, 2018, Nationstar filed a complaint in foreclosure against Mary and defendant. Defendant was named as a party by virtue of his status as a mortgagor.

On August 29, 2018, defendant was personally served with a summons and the complaint at the property via private process server. On September 1, 2018, Mary was served the same documents at a different address. When neither defendant nor Mary answered the complaint, Nationstar filed a request for entry of default against all defendants on October 9, 2018. After default was entered, on November 21, 2018, Nationstar assigned the mortgage to plaintiff, and the assignment was then recorded in the office of the Clerk of Ocean County on November 26, 2018.

Almost eight months after being served, on April 17, 2019, defendant filed a motion to vacate the default supported by a proposed answer. In a certification accompanying his motion, defendant asserted that Nationstar lacked standing to bring the action against him because the Federal Home Loan Mortgage Corporation (Freddie Mac) was the mortgagee, not Nationstar, as evidenced by the name "Freddie Mac" appearing on a loan modification agreement executed in April 2009. He also challenged Nationstar's ownership of the loan by insisting that Bank of America never sold the loan to Nationstar, asserted that Nationstar failed to comply with notice requirements with respect to its intention to foreclose on defendant's residence, and argued that service of process was deficient.

In his supporting certification, defendant did not deny receiving service of process; rather, he explained that because the process server had asked for Mary at the time of service, he mistakenly believed the documents were for her. Nonetheless, defendant admitted that the documents' caption read "Mary L. Loigu, et als" and that he never read them.

In the proposed answer submitted with his motion, defendant denied Nationstar's allegation that Mary had defaulted on the April 2018 payment based on the fact that Nationstar had not provided a computer-generated "[l]oan/[p]ayment [h]istory" evidencing the default—without which, he argued, Mary could not be assumed to have defaulted. Defendant did not assert that he or Mary made any payments after the March 2018 payment.

Nationstar filed opposition to defendant's motion, in which it averred that Mary had indeed failed to make the payment due on April 1, 2018, and all payments thereafter. It also stated that it had complied with the applicable notice requirements and that defendant and Mary had both been properly served with the summons and complaint, which neither had answered. Nationstar also asserted that defendant had failed to support his belief that he did not need to file an answer even though he was a named defendant. It also argued that defendant had failed to support any of his supposedly meritorious defenses to the foreclosure action and noted specifically that the assignment of mortgage

from Bank of America to Nationstar, which provided the latter with standing to bring the foreclosure action, had been properly set forth in the foreclosure complaint.

On May 10, 2019, the Chancery judge entered the order denying defendant's motion and issued a supporting statement of reasons. In denying defendant's motion, the judge found that defendant had not made the necessary showing of "good cause." He explained that standard could have been met if defendant had shown that Nationstar had failed to effectuate service as he claimed, but found that defendant had been properly personally served. Additionally, the judge concluded that good cause to vacate the default did not exist because defendant had not demonstrated the existence of a meritorious defense. The judge also found that the use of the Freddie Mac form in the 2009 modification did not demonstrate ownership of the loan by Freddie Mac. The judge concluded that Nationstar had established standing to bring the suit through a chain of documented assignments of the mortgage. Finally, the judge found that Nationstar would be prejudiced by vacating the default, noting that neither defendant nor Mary had paid on the mortgage after the date of default and the continued non-payment served to prejudice Nationstar.

On August 6, 2019, Nationstar filed a successful motion to substitute plaintiff into the action and plaintiff then filed a motion seeking the entry of

final default judgment on November 21, 2019, which the Chancery judge granted. Thereafter, the final default judgment of foreclosure was entered and a writ of execution was issued. This appeal followed.

We review the denial of a motion to vacate default based on an abuse of discretion standard. See US Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012). "[A]n abuse of discretion 'arises when a decision is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" State v. R.Y., 242 N.J. 48, 65 (2020) (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)).

It is well-settled that "the requirements for setting aside a default under Rule 4:43-3 are less stringent than . . . those for setting aside an entry of default judgment under Rule 4:50-1." N.J. Mfr.'s Ins. v. Prestige Health Grp., 406 N.J. Super. 354, 360 (App. Div. 2009) (citing Bernhardt v. Alden Café, 374 N.J. Super. 271, 277 (App. Div. 2005)). Under Rule 4:43-3, a court may vacate the entry of default upon a mere showing of "good cause," which, under the Rule means "the presence of a meritorious defense . . . and the absence of any contumacious conduct." O'Connor v. Altus, 67 N.J. 106, 129 (1975). Considering whether good cause to vacate default exists "requires the exercise of sound discretion by the court in light of the facts and circumstances of the particular case." Ibid.

"[T]he showing of a meritorious defense is a traditional element necessary for setting aside both a default and a default judgment." Pressler & Verniero, Current N.J. Court Rules, cmt. on R. 4:43-3 (2020); see also O'Connor, 67 N.J. at 129 (finding "good cause" under Rule 4:43-3 includes "the presence of a meritorious defense"). As with a motion to vacate a default judgment, there is no point in setting aside an entry of default if the defendant has no meritorious defense. "The time of the courts, counsel and litigants should not be taken up by such a futile proceeding." Guillaume, 209 N.J. at 469 (quoting Schulwitz v. Shuster, 27 N.J. Super. 554, 561 (App. Div. 1953)).

On appeal, defendant contends that the Chancery judge erred in concluding that defendant failed to demonstrate a meritorious defense. Particularly, defendant argues that the proposed answer he provided with his motion to vacate the entry of default established a meritorious defense insofar as he claimed Nationstar allegedly failed to "support its claim that [d]efendant and Mary defaulted on the April 2018 payment." Defendant's argument is premised upon Nationstar not providing a "[l]oan" or "[p]ayment [h]istory" in support of its claims by the time it sought the entry of default. In this regard, defendant's argument was premature.

Upon filing a complaint in a residential foreclosure action, a plaintiff is required to provide the information detailed in Rule 4:64-1(a)-(b). There is no

requirement in that Rule for a plaintiff to file a payment or loan history at that point in time. Rather, the obligation to provide proofs of the outstanding balance owed is imposed on a plaintiff at trial or upon seeking entry of summary judgment or a default judgment. As to the latter, Rule 4:64-1(d) and Rule 4:64-2 read together require the plaintiff seeking entry of default judgment to provide, among other things, "evidence of [the defendant's] indebtedness," "the principal due as of the date of default," and the sum of any applicable interest accrued.

In any event, by filing a motion to vacate the entry of default, it was defendant's burden to demonstrate a defense to the foreclosure. In a foreclosure action, the only meritorious defenses are challenges to the validity of the mortgage, the amount of indebtedness and default, and the right of the mortgagee to foreclose on the mortgaged property. See Great Falls Bank v. Pardo, 263 N.J. Super. 388, 394 (Ch. Div. 1993). Where payment is relied upon, the burden is on defendant to establish he or she was not in default as alleged.

Here, defendant's proposed answer averred that payments had been made on the note up to March 2018. The proposed answer denied Nationstar's allegation that Mary had defaulted on the payment due in April 2018 and failed to make payments thereafter, but defendant never asserted that payments had indeed been made on April 1, 2018, or at any point following that date nor did he certify that such payments had been made. Accordingly, the Chancery judge

correctly concluded defendant failed to assert a meritorious defense and did not abuse his discretion by denying defendant's motion.

We are not persuaded otherwise by defendant's additional contention that the Chancery judge erred in failing to recognize a meritorious defense based upon Nationstar's failure to serve defendant with a notice of intent to foreclose as required by the FFA, N.J.S.A. 2A:50-56. Suffice it to say, that the mortgage defendant had signed recognized that he was "not personally obligated to pay the sums secured by th[e mortgage]," and the notice requirements under the FFA only obligated a mortgagee to send notice to a "residential mortgage debtor." N.J.S.A. 2A:50-56. See also N.J.S.A. 2A:50-55, ("'Residential mortgage debtor' or 'debtor' means any person shown on the record of the residential mortgage lender as being obligated to pay the obligation secured by the residential mortgage."). Here, Mary was the only debtor and notice sent to her satisfied Nationstar's obligation under the FFA.

To the extent we have not specifically addressed defendant's remaining arguments, we conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2021-19