**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0291-22

GAIL STAMLER,

     Plaintiff-Respondent,

v.

SHASTRI PERSAD,

     Defendant-Appellant.

_____

Submitted December 18, 2023 – Decided January 3, 2024

Before Judges Marczyk and Chase.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-0309-19.

Shastri Persad, appellant pro se.

Vastola & Sullivan, attorneys for respondent (Jordan Scott Friedman, on the brief).

PER CURIAM

     Defendant Shastri Persad appeals from a September 23, 2022 order denying his motion to vacate default judgment. Because the trial court did not

provide adequate reasons for its decision as required under Rule 1:7-4(a), we are constrained to vacate the order and remand for further proceedings.

We discern the following material facts from the record. This dispute arises from Persad's breach of a commercial guaranty of a loan by Stamler to New Jersey Wholesale Properties, LLC ("Wholesale"). Persad was the sole member of Wholesale and guarantor on Stamler's loan, which provided funding for Wholesale's rehabilitation of commercial real estate located in Newark. Stamler and Wholesale entered into agreements, including a loan, a promissory note in the amount of $85,000, and a construction mortgage. Persad defaulted on the loan.

In January 2018, a final judgment of foreclosure was entered against Wholesale and in Stamler's favor. The property was sold at a sheriff's sale in August 2018.

In January 2019, Stamler filed a complaint against Persad to pursue the deficiency on the promissory note, as guaranteed under the commercial guaranty. The trial court permitted substituted service of the complaint by publication and mail. Mailed and published service were completed in May and June 2021. Proof of service was filed in July 2021.

A-0291-22

In August 2021, default was entered against Persad. In July 2022, the trial court entered default judgment against Persad in the amount of $154,661.68. On the same date, Persad moved to vacate default judgment.

In the certification in support of motion to vacate default judgment, Persad asserted: (1) plaintiff did not personally serve defendant; (2) service was not valid; (3) there is no proof plaintiff's complaint was delivered; (4) defendant has a meritorious defense; and (5) the matter to collect a debt on a mortgage secured by a note was not brought within three months of the foreclosure sale as required by N.J.S.A. 2A:50-2.

By order dated September 23, 2022, the trial court denied the motion to vacate default judgment with its only finding being, "Motion to vacate default judgment is DENIED. Movant fails to set forth excusable neglect and reasonable likelihood to prevail on the merits. R. 4:50-1."[1]

On appeal, defendant contends the trial court failed to set forth an oral or written statement of facts and legal reasons that led to the entry of the September 23, 2022 final order as required by Rules 1:7-4 and 4:43-3. Defendant also posits he raised a meritorious defense and plaintiff's service was inconsistent

_____

[1] Although neither party's brief mentions oral argument, the order also states, "the [c]ourt having heard oral argument . . . ."

with due process of law. Persad argues because he made a showing of a meritorious defense, Rule 4:43-3 required the court to set aside an entry of default "[f]or good cause shown . . . ."

"[T]he requirements for setting aside a default under Rule 4:43-3 are less stringent than . . . those for setting aside an entry of default judgment under Rule 4:50-1." N.J. Mfrs. Ins. Co. v. Prestige Health Grp., LLC, 406 N.J. Super. 354, 360 (App. Div. 2009) (citing Bernhardt v. Alden Cafe, 374 N.J. Super. 271, 277 (App. Div. 2005)). Our Supreme Court has explained:

> Our Rules prescribe a two-step default process, and there is a significant difference between the burdens imposed at each stage. When nothing more than an entry of default pursuant to Rule 4:43-1 has occurred, relief from that default may be granted on a showing of good cause. R[.] 4:43-3; Pressler & Verniero, Current N.J. Court Rules, [cmt.] on R. 4:43-3 (2012) (stating that "[t]he required good-cause showing for setting aside an entry of default pursuant to this rule is clearly a less stringent standard than that imposed by R[ule] 4:50-1 for setting aside a default judgment").
>
> When the matter has proceeded to the second stage and the court has entered a default judgment pursuant to Rule 4:43-2, the party seeking to vacate the judgment must meet the standard of Rule 4:50-1 . . . .
>
> [U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 466-467 (2012) (third alteration in original)].

Persad conflates <u>Rules</u> 4:43-3 and 4:50-1. <u>Rule</u> 4:43-3 is reserved for setting aside a default, not a default judgment. Even though he referenced <u>Rule</u> 4:43-3, he moved to vacate the default judgment under <u>Rule</u> 4:50-1.

Under subsection (a) of <u>Rule</u> 4:50-1, a "defendant seeking to set aside a default judgment must establish that his failure to answer was due to excusable neglect and that he has a meritorious defense." <u>Deutsche Bank Nat'l Tr. Co. v. Russo</u>, 429 N.J. Super. 91, 98 (App. Div. 2012) (quoting <u>Goldhaber v. Kohlenberg</u>, 395 N.J. Super. 380, 391 (App. Div. 2007)). Excusable neglect refers to a default that is "attributable to an honest mistake that is compatible with due diligence or reasonable prudence." <u>Ibid.</u> (quoting <u>Guillaume</u>, 209 N.J. at 468). The type of mistake warranting relief under the <u>Rule</u> is one against which the party could not have protected themselves. <u>DEG LLC v. Twp. of Fairfield</u>, 198 N.J. 242, 263 (2009).

We review an order granting or denying vacatur of a final judgment for an abuse of discretion. <u>United States v. Scurry</u>, 193 N.J. 492, 502-03 (2008). An abuse of discretion arises "when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" <u>Guillaume</u>, 209 N.J. at 467-68 (quoting <u>Iliadis v. Wal-Mart Stores, Inc.</u>, 191 N.J. 88, 123 (2007)).

A-0291-22

Rule 1:7-4(a) requires that "[t]he court shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon in all actions tried without a jury, on every motion decided by a written order that is appealable as of right . . . ." Findings of fact and conclusions of law are also required on "every motion decided by [a] written order[] . . . appealable as of right." Schwarz v. Schwarz, 328 N.J. Super. 275, 282 (App. Div. 2000) (quoting R. 1:7-4(a)).

Without a statement of reasons, "we are left to conjecture as to what the judge may have had in mind." Salch v. Salch, 240 N.J. Super. 441, 443 (App. Div. 1990). "Meaningful appellate review is inhibited unless the judge sets forth the reasons for his or her opinion." Ibid.

The court's two-line order does not adequately set forth the basis for its ruling. We therefore vacate the September 23, 2022 order and remand to the trial court to provide its findings of fact and conclusions of law with an accompanying order. See Kas Oriental Rugs, Inc. v. Ellman, 407 N.J. Super. 538, 561 (App. Div. 2009) (finding we were "compelled to vacate the award under review and remand for further proceedings because the judge's findings do not comport with Rule 1:7-4(a) in a number of respects"); see also United Consumer Fin. Servs. Co. v. Carbo, 410 N.J. Super. 280, 313 (App. Div. 2009)

(finding that the trial court's decision was not sufficiently explained to permit appellate review and remanding the matter for further proceedings). In vacating the September 23, 2022 order, we proffer no opinion as to the merits of the parties' claims and whether defendant failed to demonstrate excusable neglect and a potential meritorious defense.

Vacated and remanded for proceedings in accordance with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0291-22