NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-2253-09T3

WILLIAM E. NEWMAN, JR.,

    Appellant,

v.

BOARD OF REVIEW, DEPARTMENT
OF LABOR, and LOWE'S HOME
CENTERS, INC.,

    Respondents.

APPROVED FOR PUBLICATION

February 19, 2014

APPELLATE DIVISION

_____

Submitted January 7, 2014 — Decided February 19, 2014

Before Judges Fisher, Espinosa and Koblitz.

On appeal from the Board of Review, Department of Labor, Docket No. 205,001.

William E. Newman, Jr., appellant pro se.

John J. Hoffman, Acting Attorney General, attorney for respondent Board of Review (Lewis A. Scheindlin, Assistant Attorney General, of counsel; Alan C. Stephens, Deputy Attorney General, on the brief).

Respondent Lowe's Home Centers, Inc. has not filed a brief.

The opinion of the court was delivered by

KOBLITZ, J.A.D.

William E. Newman, Jr. appeals from the October 30, 2009 determination of the Department of Labor's Board of Review, that

affirmed a decision by the Appeal Tribunal for the Department's Division of Unemployment and Disability Insurance that, in turn, reversed a determination of the Deputy Director of the Division that Newman was entitled to benefits without disqualification.[1] A portion of the appeal hearing was held when Newman was unable to attend because he was serving in the United States Air Force, violating his rights under the federal Servicemembers Civil Relief Act, 50 U.S.C.A. app. §§ 501 to 597. Additionally, the employer's appeal was improperly deemed timely based on the date that the employer received the determination from its representative, rather than when the representative received it. We therefore reverse and remand for another hearing.

Newman was a sales specialist in the flooring department of Lowe's Home Centers, Inc. in Brick from February 2006 until July 18, 2008. On July 18, 2008, Lowe's management met with Newman regarding a dispute with a co-worker a few weeks earlier. The incident involved a verbal disagreement on the sales floor between Newman and the co-worker that escalated into a physical altercation. Prior to the meeting, management conducted an investigation and determined that Newman and the co-worker should be discharged for misconduct. After the co-worker was

---

[1] Only one week of benefits is actually in dispute: the week of August 17, 2008.

A-2253-09T3

terminated, a supervisor allowed Newman to resign instead of being formally discharged. Newman was given this option because his supervisor was aware that he was hoping to join the armed forces and an involuntary termination might negatively impact his opportunity to enlist.

Newman filed a claim for unemployment benefits on August 17, 2008. On October 2 a notice of eligibility was mailed by the Division. Lowe's appealed this decision thirteen days later on October 15. A telephonic hearing was held before an appeals examiner on January 12, 2009. An individual from UC Express[2] represented Lowe's at the hearing pursuant to Rule 1:21-1(f)(11). The Appeals Examiner explained that UC Express "is a company that represents employers in matters such as these unemployment hearings and he is here today, this morning at the discretion of Lowe's." At the conclusion of the telephonic hearing, Newman stated that he was going into the Air Force soon. The examiner reassured him that "[e]verybody is going to get a decision shortly." No other hearing was scheduled.

Prior to a decision and after Newman entered the Air Force, the examiner conducted another hearing in April 2009 to determine only the timeliness of Lowe's initial appeal, which

---

[2] The transcript refers to this entity variously as "UC Express," "UC EXPRESS" and "TALX UC EXPRESS." We use UC Express consistently throughout this opinion.

the examiner had neglected to cover in the earlier hearing. Newman was not present for this second telephonic hearing. Only Maryellen Miraglia, Lowe's human resource manager, appeared. She stated that, on October 13, 2008, she had received the initial determination from UC Express via fax. She testified that UC Express filed the appeal on Lowe's behalf on October 15. No evidence was presented as to when UC Express received the initial determination.

On April 14, 2009, the Appeal Tribunal rendered a decision finding: (1) the appeal was timely filed in accordance with N.J.S.A. 43:21-6(b)(1); (2) Newman was disqualified from benefits under N.J.S.A. 43:21-5(b) from July 13, 2008[3] through August 23, 2008, as "the discharge was for misconduct connected with work;" (3) Newman's liability for a refund of benefits received was remanded to the Director and; (4) Lowe's was not liable for any charges to its rating account.

Newman appealed to the Board, and the case was remanded to the Appeal Tribunal for a "decision on all issues," although the remand directed additional testimony from Newman and the store manager only "regarding whether [Newman] voluntarily left his employment or was discharged."

---

[3] It is unclear where the July 13 date comes from as the fight occurred earlier, Newman worked through July 18, 2008 and he was "removed from the [Lowe's] system" on July 20, 2008.

On July 23, 2009, with Newman now present, the appeals examiner took telephonic testimony only as to whether Newman was "discharged for misconduct connected to the work." Lowe's was again represented by UC Express. After the hearing, the Appeal Tribunal issued a second opinion, again finding that the appeal was timely filed and that Newman was disqualified from benefits for six weeks pursuant to N.J.S.A. 43:21-5(b).[4]

The Board then issued an opinion agreeing with the Appeal Tribunal, stating that because Newman resigned in lieu of a discharge for misconduct, he was disqualified for benefits for six weeks.

I

Our review in an appeal from a final decision of an administrative agency is limited. Circus Liquors, Inc. v. Middletown Twp., 199 N.J. 1, 9 (2009). The issues presented here, however, are strictly legal in nature: the interpretation of the federal and state Civil Relief Acts for members of the military and the import of UC Express' representation when considering whether the initial appeal by Lowe's was timely filed. Such legal interpretations are primarily the function of the judiciary and do not call for deference to the agency.

_____

[4] The statute has since been amended to an eight-week period of disqualification. L. 2010, c. 37, § 2.

<u>Krayniak v. Bd. of Trs.</u>, 412 <u>N.J. Super.</u> 232, 237 (App. Div. 2010).

II

Newman argues that he was unlawfully deprived of the opportunity to participate in the April 13, 2009 hearing regarding the timeliness of Lowe's appeal. The Attorney General does not address this issue, instead focusing on the argument that Newman was properly disqualified from receiving unemployment benefits for six weeks. Newman stated at the end of the January 12, 2009 hearing, "I'm actually going into the United States Air Force January 20th . . . [s]o I just need to make sure this is handled and taken care of before I do actually go away."

<u>Rule</u> 1:5-7 provides in pertinent part that "[a]n affidavit of non-military service of each defendant, male or female, when required by law, shall be filed before entry of judgment by default against such defendant." We noted in <u>PNC Bank, N.A. v. Kemenash</u> that this <u>Rule</u> is grounded in both federal and state law. 335 <u>N.J. Super.</u> 124, 127 (App. Div. 2000). The New Jersey Soldiers' and Sailors' Civil Relief Act provides that

> In any civil action or proceeding commenced in any court, if there shall be a default of an appearance by the defendant, [] plaintiff, within 20 days before the entry of judgment or final order, shall file in the court an affidavit setting forth facts

6

showing that the defendant is not in military service.

[N.J.S.A. 38:23C-4.]

The statute is to be liberally construed for the stated purpose "to maintain, secure and protect the civil and property rights of persons in the military." N.J.S.A. 38:23C-1. A judgment entered in the absence of an appropriate affidavit "is not void but voidable and then only by a person within the protection of the statute and affidavit requirement." Kemenash, supra, 335 N.J. Super. at 129. New Jersey law defines "court" only as any "State court of competent jurisdiction . . ." and does not include state administrative agencies. N.J.S.A. 38:23C-2.

The federal statute, the Servicemembers Civil Relief Act, 50 U.S.C.A. app. §§ 501 to 597, similarly requires a plaintiff to file an affidavit of nonmilitary status before a default judgment is entered in a civil proceeding. 50 U.S.C.A. app. § 521(b)(1)(A). The federal law, which was amended in 2003, now defines "court" as any court or "administrative agency of the United States or of any State (including any political subdivision of a state) . . . ." 50 U.S.C.A. app. § 511(5) (emphasis added).

The federal Act further provides for a stay of proceedings:

> (1) Authority for stay. At any stage before
> final judgment in a civil action or
> proceeding in which a servicemember . . . is

A-2253-09T3

a party, the court may on its own motion and shall, upon application by the servicemember, stay the action for a period of not less than 90 days, if the conditions in paragraph (2) are met.

(2) Conditions for stay. An application for a stay under paragraph (1) shall include the following:

(A) A letter or other communication setting forth facts stating the manner in which current military duty requirements materially affect the servicemember's ability to appear and stating a date when the servicemember will be available to appear.

[50 U.S.C.A. app. § 522(b)(1).]

The stated purpose of the federal Act is to "provide temporary suspension of judicial and administrative proceedings and transactions that may adversely affect the civil rights of servicemembers during their military service." 50 U.S.C.A. app. § 502(2).

This federal Act applies to our state administrative agencies by application of the Supremacy Clause of the United States Constitution, U.S. Const. Art. VI, cl. 2. During World War II, the United States Supreme Court stated that the Act, then known as the Soldiers' and Sailors' Civil Relief Act, is "always to be liberally construed to protect those who have been obliged to drop their own affairs to take up the burdens of the nation." Boone v. Lightner, 319 U.S. 561, 575, 63 S. Ct. 1223,

1233, 87 L. Ed. 1587, 1596 (1943). We follow the Court's mandate to liberally apply the Act, which is necessary now as it was then.

It was a clear violation of the Act for a hearing to proceed while Newman was known to be serving in the military and did not expressly consent to the proceeding occurring in his absence. We must therefore remand for another hearing as to the timely filing of Lowe's appeal, giving Newman an opportunity to participate. Newman may well have a legal defense regarding the untimeliness of the employer's appeal, which he was not able to present at the April 13 hearing due to his service in the Air Force.

## III

Newman argues that Lowe's initial appeal of the Deputy's decision rendering him eligible for unemployment benefits was untimely filed. The Attorney General maintains that since Lowe's appealed within two days of receiving the initial determination from UC Express, it filed the appeal timely.

N.J.S.A. 43:21-(6)(b)(1) sets forth the procedure for appeals of an agency determination of unemployment benefits. It states that

> Unless the claimant or any interested party, within seven calendar days after delivery of notification of an initial determination or within 10 calendar days after such

notification was mailed to his or their last-known address and addresses, files an appeal from such decision, such decision shall be final and benefits shall be paid or denied in accordance therewith. . . .

[N.J.S.A. 43:21-(6)(b)(1) (emphasis added).]

Lowe's clearly did not file an appeal within "10 calendar days after such notification was mailed." The issue is whether the appeal was filed within seven calendar days of receipt of notification of the initial determination.

New Jersey courts have consistently held that the limitation period proscribed by this statute is of jurisdictional import and "hence not generally subject to equitable tolling or enlargement under the so-called discovery rule." Hopkins v. Bd. of Review, 249 N.J. Super. 84, 88-89 (App. Div. 1991). See also, Lowden v. Bd. of Review, 78 N.J. Super. 467, 470 (App. Div. 1963) (explaining that the Unemployment Compensation Law is social legislation "which should be construed by the courts to give effect to its beneficent purposes[]" but does not authorize courts to extend time limitations intended by the Legislature to be fixed as an absolute deadline in the statute). In Rivera v. Bd. of Review, the Court held that claimants in unemployment compensation cases have a due process right to notice which must be considered when applying statutory appeal requirements. 127 N.J. 578, 586

(1992). As applied to a claimant, the statutory period may be enlarged so that the individual has constitutionally-sufficient notice of the loss of benefits. Id. at 586-87. Lowe's, the employer, does not enjoy a similar due process right to enlarge the rigid statutory period to appeal.

Both the Appeal Tribunal and the Board of Review determined that Lowe's appealed within seven days of receipt of the Deputy's initial determination. Lowe's human resources employer stated at the April 13 hearing that she received the initial determination from UC Express, the company's unemployment compensation representative, on October 13. There is no evidence in the record as to when UC Express received the determination and thus no way to determine if Lowe's October 15 appeal was within seven days of delivery of the notification of the initial determination to UC Express.

Rule 4:4-6 explains that an attorney acknowledgement of service of process on behalf of a client "shall have the same effect as if the defendant had been properly served." While UC Express does not provide legal representation, UC Express is Lowe's representative with specific authority to receive determinations from an administrative body on behalf of Lowe's. See Air-Way Branches, Inc. v. Bd. of Review, 10 N.J. 609, 613-15 (1952) (holding that a determination sent to a warehouse manager

with no authority to accept or acknowledge service of legal process is insufficient to begin the seven-day appeals timeline for an employer to appeal employee eligibility of benefits). Thus, the issue is whether Lowe's filed the appeal within seven calendar days of UC Express' receipt of the initial determination. Because the record does not reveal when UC Express received the determination, a rehearing as to timeliness of Lowe's appeal would be necessary even absent the clear violation of federal law.

Reversed and remanded.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION