**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2469-21
A-2766-21

M&T BANK,

     Plaintiff-Respondent,

v.

VAROUJAN KHOROZIAN,

     Defendant-Appellant,

and

ANGELA KHOROZIAN,

     Defendant-Respondent,

and

STATE OF NEW JERSEY,

     Defendant.

_____

M&T BANK,

     Plaintiff-Respondent,

v.

VAROUJAN KHOROZIAN,

     Defendant-Respondent,

and

ANGELA KHOROZIAN,

     Defendant-Appellant,

and

STATE OF NEW JERSEY,

     Defendant.

_____

Submitted April 9, 2024 – Decided May 10, 2024

Before Judges Sumners and Torregrossa-O'Connor.

On appeal from the Superior Court of New Jersey, Chancery Division, Bergen County, Docket No. F-006389-19.

Asatrian Law Group, LLC, attorneys for appellant in A-2469-21 and respondent in A-2766-21 Varoujan Khorozian (Vartan Asatrian, of counsel and on the briefs; Jeffrey Zajac, on the briefs).

Jay Kanetkar, Esq., LLC, attorney for appellant in A-2766-21 and respondent in A-2469-21 Angela Khorozian (Jayat Pramod Kanetkar, of counsel; Jeffrey Zajac, on the brief).

Parker McCay PA, attorneys for respondent M&T Bank (Eugene R. Mariano, on the brief).

PER CURIAM

In these separate but related residential foreclosure appeals which we consolidate to issue a single opinion, Angela Khorozian and Varoujan Khorozian[1] challenge the Chancery court's March 18, 2022 order denying reconsideration of its November 8, 2021 order denying Angela's motion to vacate default and its January 28, 2022 order denying her motion to compel amendment of the foreclosure complaint to add her as defendant.

Plaintiff, M & T Bank, commenced foreclosure after Varoujan's default on a loan, which Varoujan, allegedly unbeknownst to Angela, secured with a mortgage on their home (the property) in Alpine. Central to both appeals is the Chancery court's determination that Angela, seeking to vacate default against her over two years after its entry, lacked good cause under Rule 4:43-3. Specifically, the court denied the motion as an unsuccessful delay tactic, finding Angela inexcusably failed to respond earlier despite having actual notice of the foreclosure and default, and she nevertheless held no interest in the property, having relinquished both ownership and possessory rights decades earlier when Varoujan simultaneously purchased the property as sole owner.

---

[1] For clarity, we reference the Khorozians by their first names.

A-2469-21

After careful review of the record and the Chancery court's trio of decisions repeatedly exploring and rejecting the claims raised here, we discern no abuse of discretion and affirm.

I.

A.  The Deeds and The Loan

We glean the following facts and procedural history from the record. Angela and Varoujan were married in 1980 and currently reside in the property, purchased by Varoujan in 1998.  Varoujan acquired the property solely in his name because Angela admittedly "had recently filed a bankruptcy to address a large business loss, and [they] could not get financing for the purchase." Consequently, the deed, dated January 14, 1998, and recorded on January 28, 1998 (Deed I), lists Varoujan as sole owner.

A second deed (Deed II), labelled a "quitclaim deed" and contemporaneously executed on January 14, 1998 and filed on January 28, 1998, on its face memorializes Angela's intent to irrevocably "release," "assign," "extinguish," and "alienate" her present and future rights and claims to the property to Varoujan.  Deed II specifically states that Angela, as "Grantor," "grants and conveys (transfers ownership of) the property . . . to the Grantee," designated as Varoujan.  Deed II bears the Grantor's signature and declares:

4

"In accordance with N.J.S.A. 37:2-18 etc. and the amendment and supplements thereto it is specifically intended hereby to release and assign irrevocably to the party of the second part herein [, Varoujan,] any vested, inchoate or possible future estate of (dower or curtesy, as applicable) arising by virtue of statute, court decision, public policy or implication of law out of the marital relationship of the parties hereto and to equitable distribution under N.J.S.A. 2A:34-23. It is also the intention of the Grantor herein to release, extinguish and alienate any right of possession the Grantor may have pursuant to N.J.S.A. 3B:28-3."

Ten years later, to fund a business opportunity, Varoujan executed a $2,800,000 promissory note in favor of plaintiff's predecessor, Hudson City Savings Bank, secured by a mortgage on the property. Only Varoujan signed the note and mortgage, and the Khorozians claim Angela knew nothing of the loan at the time. Varoujan defaulted on payment in late 2018, and plaintiff accelerated the loan, demanding the remaining principal and unpaid interest. After mailing to Varoujan the notice of intent to accelerate and foreclose, plaintiff, on April 3, 2019, filed the present foreclosure complaint.

B. Early Foreclosure Proceedings

Plaintiff captioned the foreclosure complaint: "M & T Bank v. Varoujan Khorozian; Mrs. Varoujan Khorozian, His Wife; State of New Jersey" and the case information statement designated Mrs. Varoujan Khorozian as a "fictitious party." After four unsuccessful attempts to serve Mrs. Varoujan Khorozian

5

personally at the residence, plaintiff effectuated service via certified mail to the post office box mailing address for the property. A lis pendens was recorded on March 23, 2019.

Varoujan filed a contesting answer on June 24, 2019, making no reference to Angela or her alleged spousal interest in the property. On July 19, 2019, the court granted default against "Mrs. Varoujan Khorozian," as no answer or pleading had been filed. After plaintiff moved for summary judgment against Varoujan in October 2019, Varoujan cross-moved to compel discovery, opposed plaintiff's summary judgment motion, and moved to dismiss, again apparently with no mention of Angela or her potential interest.[2] On December 31, 2019, the court granted plaintiff's motion for summary judgment and denied Varoujan's cross-motions.

Varoujan filed but withdrew a motion for reconsideration, instead entering into three consecutive consent orders between March 2020 and March 2021, in which plaintiff voluntarily stayed application for final judgment giving Varoujan the ability to sell the property. In exchange, Varoujan expressly waived his right to appeal any final judgment entered by the trial court. Varoujan never sold the

---

[2] It appears the only mention of Angela Khorozian in Varoujan's filings was a demand to produce "any and all notices made to Angela Khorozian, the wife and proof of service of the foreclosure on Angela Khorozian."

6

property or satisfied the obligation, nor did he raise or invoke Angela's alleged interest to oppose foreclosure. By late 2021, the extensions expired, and foreclosure proceeded toward final judgment.

C. Angela's Motions

Around that same time in October of 2021, Angela, for the first time, moved to vacate the 2019 default. She acknowledged the deliberate strategy back in 1998 to have Varoujan acquire the home as sole owner due to her bankruptcy. Asserting a spousal possessory interest in the property where she claimed to reside since the time of its purchase, Angela denied signing Deed II or having knowledge of Varoujan's loan. Challenging service, Angela contended she was not properly named and was away at the time of service by mail to the post office box Varoujan maintains. Admitting that she returned home in late 2019 and knew of the foreclosure and default as far back as January of 2020, Angela alleged that she delayed taking action because she consulted counsel who gave her wrongful advice that the courts were closed and that she lacked a defense. Angela indicated she would retain a handwriting expert to prove the signature on Deed II was forged. She alleged, alternatively, that even if she had signed Deed II, the law at the time, specifically N.J.S.A. 3B:28-3 establishing spousal possessory rights, required both spouses' signatures and prohibited unilateral renunciation of possessory rights to a marital residence.

A-2469-21

Plaintiff urged that Angela was inexcusably late and nonetheless lacked standing because she relinquished all rights and claims to the marital property via Deed II. As such, plaintiff explained that it never considered Angela a party to the case and instead named "Mrs. Varoujan Khorizian" to cover any possible subsequent spouse that might have acquired an interest after Angela extinguished her rights. Plaintiff argued that the 1998 version of N.J.S.A. 3B:28-3 required only the "consent" of both spouses, not both signatures, to extinguish one spouse's possessory right, which could be readily inferred here from Varoujan's simultaneously purchasing the property as sole owner by grant from Angela.

The Chancery court, applying Rule 4:43-3's "good cause" standard, denied Angela's motion. In a written decision accompanying the November 8, 2021 order, the court found that Angela, aware of the default since at least January 2020, offered no sufficient "excuse or reason for why [she] waited nearly two years to take action as to the default." The court characterized the motion as "simply a tactic to delay this action further," taking issue with counsel's admission that throughout the proceedings, including the seventeen months of consent stays, the Khorozians made no attempt to sell the property. The court relied on Deed II and determined that Angela lacked a meritorious defense as

8

she "never signed the mortgage or note" and had no "interest in the subject property because she waived her interest in 1998."

Thereafter, plaintiff moved for entry of final judgment. In support, plaintiff's counsel certified that the pleadings reflected that "Angela Khorozian may be the spouse of Varoujan . . . ." The certification further referenced Deed II as conveying entirely Angela's interest in the property and identified a March 23, 2020 deed conveying an interest from Varoujan to Angela. As such, counsel confirmed plaintiff's position that Angela's "interest is subject to and bound by Plaintiff's foreclosure and the request for Final Judgment . . . ." Plaintiff's counsel further certified that "Mrs. Varoujan Khorozian, his wife, remains a necessary defendant," because "she was served with the complaint and the marital status of Varoujan Khorozian has not been confirmed by Varoujan Khorozian."

Varoujan filed only a general objection to the foreclosure amount baldly claiming it was "inaccurate, inflated, and in violation of the Rules of the Court," which the court denied for lack of specificity under Rules 4:64-1(d)(3) and 4:64-9. Angela filed a "cross-motion" to compel plaintiff to amend the complaint to include her as a specific defendant and to allow her to file an answer. She renewed her prior arguments and claimed that a judgment against "Mrs. Varoujan Khorozian" would mislead creditors to assume the judgment was

against her without first allowing her the ability to answer and contest. Plaintiff again countered that Angela has no interest in the property, further urging that Angela's attempt to relitigate the default fell outside the limited scope of permissible Rule 4:64-1(d)(3) objections.

The court denied Angela's motion calling it "the latest effort to prolong the foreclosure action" when Angela "does not have an interest in the subject property." Finding her claims outside the reach of Rule 4:64-1 relief, the court found Angela sought to improperly "re-litigate the entire matter" despite the court's earlier ruling that she lacked a meritorious defense. The court deemed the fictitious spouse designation "irrelevant," explaining that "the fact remains that Angela Khorozian expressly and irrevocably released and assigned all her interest in the property to Mortgagor." Further, the court explained:

> Because of that fact, [p]laintiff is unable to independently confirm that [m]ortgagor has been married to Angela Khorozian at all times since she transferred her interest in the subject property to Mortgagor in 1998. Therefore, [p]laintiff intentionally chose to list [d]efendant as "Mrs. Varoujan Khorozian, his wife" because, despite the admission [p]laintiff knew [d]efendant was Mortgagor's wife, [p]laintiff did not want to risk excluding [d]efendant from its [m]otion for [f]inal [j]udgment since [p]laintiff must insure clear title after the subject property is sold at Sherriff Sale.

Final judgment was entered on February 7, 2022.

Angela filed a motion for reconsideration on February 16, 2022, joined by Varoujan with no independent filing, which was denied. The court found the motion raised for the third time the same previously rejected arguments and amounted to "nothing more than an attempt to take another bite at the proverbial apple after Final Judgment was entered . . . ." From this order, both Angela and Varoujan appeal.

## II.

A. <u>Angela's Appeal</u>

Angela raises the following arguments for our consideration:

> BECAUSE THE CHANCERY DIVISION COMMITTED PLAIN ERROR IN DENYING ANGELA'S MOTION FOR RECONSIDERATION, THE FINAL JUDGMENT ENTERED AGAINST THE MORTGAGOR SHOULD BE VACATED.
>
> > A. The Chancery Division Committed Reversible Error In Denying the Motion to Vacate the Entry of Default.
> >
> > B. The Defendant Possesses a Meritorious Defense Under the Possessory Rights Granted to Her By N.J.S.A. 3B:28-3.
> >
> > C. The Chancery Division's Decision and Reasoning With Respect to . . . Plaintiff's Fictitious Spouse Designation Fails to Comport With Well[-]Established Law.

Angela contends that the Chancery court abused its discretion in denying reconsideration of its earlier decisions. She again argues that good cause existed to vacate the default as "[t]here was no willful or bad faith conduct" and "[t]he default was entered without her knowledge, and her failure to answer was the result of excusable neglect." She reiterates her claim that she was not properly named in the complaint or served, despite having actual notice as far back as January 2020 by her own admission. Angela asserts that nevertheless the court ignored that she "possesse[d] a strong defense on the merits."

She maintains that although she deeded the property to her husband at the time of its purchase, her rights in the property were not extinguished as she did not sign Deed II and, relying on the 1998 version of N.J.S.A. 3B:28-3, the deed is invalid nonetheless without Varoujan's signature. She further contends that, under Rules 4:26-5 and 4:26-6, the court improperly failed to compel amendment of the complaint to allow her to assert her position and insists that default judgment should not stand against a fictitious party when her identity is known.

Plaintiff responds that the court properly denied reconsideration of its decisions because Angela holds no interest in this property, as Deed II, taken together with Deed I, simultaneously created and recorded, reflects that both Angela and Varoujan intended and consented that Angela have no present or

future interest in the property to admittedly avoid her creditors in 1998. As such, plaintiff asserts that it properly named "Mrs. Varoujan Khorozian, his wife" as the defendant and judgment must stand as entered. Further, plaintiff contends that Angela's unreasonably belated attempt to vacate default failed to justify the two-year delay or show a meritorious defense supporting the Chancery court's repeated rejection of those arguments.

B. Varoujan's Appeal

Varoujan's appeal mirrors Angela's, with a brief identical to Angela's with the exception of a slightly edited cover page. Plaintiff responds that Varoujan's appeal should be summarily dismissed as waived by his consent orders in the matter foregoing his right to appeal. Alternatively, plaintiff incorporates and repeats its arguments in response to Angela's indistinguishable claims. In his reply brief, Varoujan counters that his consent agreements do not bar his appeal because the Chancery court applied incorrect legal standards and debuts a challenge to the calculation of the final judgment amount.

III.

A.

We review with deference a trial court's denial of a motion for reconsideration under Rule 4:49-2 and disturb those findings only upon an abuse of discretion. Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021). A

dissatisfied litigant's desire to reargue an unsuccessful motion does not warrant reconsideration. Palombi v. Palombi, 414 N.J. Super. 274, 288 (App. Div. 2010). Indeed, "a motion for reconsideration provides the court, and not the litigant, with an opportunity to take a second bite at the apple to correct errors inherent in a prior ruling." Medina v. Pitta, 442 N.J. Super. 1, 18 (App. Div. 2015). Thus, a trial court's discretion will not be disturbed unless its determination lacked "a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012) (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)).

Likewise, we do not disturb trial court decisions on motions to vacate default absent an abuse of discretion. See U.S. Bank Nat. Ass'n v. Curcio, 444 N.J. Super. 94, 105 (App. Div. 2016); see also Guillaume, 209 N.J. at 467. It is well-settled that "the requirements for setting aside a default under Rule 4:43-3 are less stringent than . . . those for setting aside an entry of default judgment under Rule 4:50-1." N.J. Mfr.'s Ins. v. Prestige Health Grp., 406 N.J. Super. 354, 360 (App. Div. 2009) (citing Bernhardt v. Alden Cafe, 374 N.J. Super. 271, 277 (App. Div. 2005)). Under Rule 4:43-3, a court may vacate the entry of default upon a mere showing of "good cause," which exists in the "presence of a meritorious defense . . . and the absence of any contumacious conduct . . . ." O'Connor v. Altus, 67 N.J. 106, 129 (1975). Considering whether good cause to

14

vacate default exists "requires the exercise of sound discretion by the court in light of the facts and circumstances of the particular case." Ibid.; see also Delaware Valley Wholesale Florist, Inc. v. Addalia, 349 N.J. Super. 228, 232 (App. Div. 2002) (explaining that the application of good cause "requires the exercise of sound discretion in light of the facts and circumstances of the particular case considered in the context of the purposes of the Court Rule being applied"). Applying this standard, we discern no basis to disturb the Chancery court's decisions that are grounded in the record and applicable law.

In denying Angela's motion to vacate default and her cross-motion to compel amendment of the complaint to include her as defendant, the court reasonably concluded that Angela's failure to take timely action, admittedly knowing of the forfeiture action and default for approximately two years, undermined any claim of good cause. Attuned to the history of the proceedings, the court viewed Angela's motion, coming just as Varoujan's stays of litigation expired and the matter verged on final judgment as a deliberate delay tactic. As contumacious conduct is antithetical to good cause, we take no issue with the court's conclusion that the motions were designed to stall the matter as final forfeiture became imminent.

Further, we discern no abuse of discretion in the court's reliance upon Deed II to conclude Angela held no interest in the property and therefore lacked

15

a meritorious defense. On its face, Deed II unambiguously identified its scope and intent to "irrevocably" transfer and extinguish vested and future rights and claims to ownership, spousal possessory interest, and equitable distribution of the property. N.J.S.A. 3B:28-3, in its present and prior forms, entitles "married individuals to joint possession" of any jointly occupied "principal marital residence." That right, then and now, is not absolute. Angela correctly observes that N.J.S.A. 3B:28-3 in 1998, provided that a spousal possessory interest "may not be released, extinguished or alienated without the consent of both spouses." Here, however, Deeds I and II, executed and filed in tandem, clearly support the inference that the transfer of Angela's rights occurred by consent of both Angela and Varoujan to admittedly avoid Angela's creditors. We also find unavailing Angela's belated claim that Deed II was forged. Without a handwriting expert or further explanation, the court was not compelled to accept at face value her certification denying the authenticity of her signature. See Miller v. Bank of Am. Home Loan Servicing, L.P., 439 N.J. Super. 540, 551 (App. Div. 2015) (finding in the context of summary judgment that "self-serving assertions, unsupported by documentary proof . . . are insufficient to create a genuine issue of material fact.").

Likewise, we find no error in the Chancery court's denial of Angela's motion to compel amendment of the complaint. Awaiting final judgment under

Rule 4:64-1(d)(3), objections were restricted to specific and detailed disputes of the amount due. Ibid. (requiring objections to state "with specificity the basis of the dispute" and present "a specific objection to the calculation of the amount due . . ."). Angela's motion made no such challenge. Instead, ignoring the court's prior ruling that she had no interest in the property, she filed a "cross-motion" in an improper effort to resuscitate her prior failed claims. We concur with the court's determination that Angela's attempted retread of her prior arguments was not cognizable at that juncture.

Despite viewing Angela's application as procedurally flawed, the court again recounted its basis for rejecting her arguments. Regarding the decision to proceed to final judgment against "Mrs. Varoujan Khorozian," the court explained that although plaintiff knew of Angela's existence, plaintiff was "unable to independently confirm that Mortgagor has been married to Angela . . . at all times since she transferred her interest in the subject property . . . ." Recognizing that plaintiff was obligated to insure good title, the court did not abuse its discretion in finding the general designation appropriate in these circumstances. See R. 4:26-5 (allowing for the designation of an unknown spouse in a Rule 4:4-5 in rem action by the "given name and surname . . . " of the known defendant spouse with "Mrs. [or alternatively Mr. as appropriate] prefixed thereto").

17

Angela's claims fell far outside the "narrow corridor" of cases ripe for reconsideration "in which either 1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence . . . ." Triffin v. SHS Grp., LLC, 466 N.J. Super. 460, 466 (App. Div. 2021). We therefore see no abuse of discretion in the Chancery court's denying Angela's application for reconsideration of these prior decisions.

B.

We need not reach the merits of Varoujan's appeal as he expressly waived his right to appeal each time he executed three separate and consecutive consent agreements to delay foreclosure. See Mt. Hope Dev. Assocs. v. Mt. Hope Waterpower Project L.P., 154 N.J. 141, 147 (1998) (recognizing that voluntary and knowing waiver of the right to appeal is valid and enforceable). Nevertheless, we comment only to state the obvious—as Angela's appeal fails, so does Varoujan's as it simply echoes Angela's arguments and repeats verbatim her claims and brief on appeal.

To the extent we have not specifically addressed Varoujan's remaining arguments, we conclude they are without sufficient merit to warrant discussion in a written opinion. See R. 2:11-3(e)(1)(E).

The consolidated appeals are affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2469-21